UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SCOTT LAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-192 |
| | ) | (VARLAN/SHIRLEY) |
| ATTENTUS HEALTCARE CORP., | ) | |
| ATTENTUS OF SCOTT COUNTY, LLC, | ) | |
| JLL PARTNERS, INC., | ) | |
| CATHERINE MARTIN, | ) | |
| JOHN MARTIN, and | ) | |
| SCOTT COUNTY HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

This civil action is before the Court on two motions: (1) defendant Attentus of Scott County, LLC's (ASC) Motion for Relief from Order Denying Motion to Dismiss [Doc. 16] and (2) plaintiff's Motion to Amend Complaint [Doc. 19]. In the pending motion for relief, defendant ASC argues that the Court's order [Doc. 15] denying defendant ASC's previously filed Motion to Dismiss for Lack of Jurisdiction [Doc. 12] was both premature because the Court's "quick action deprived [ASC] of an opportunity to reply to Lauer's arguments," [Doc. 17 at 2], and erroneous because "the allegations of the Complaint fail to meet the exacting requirements for pleading citizenship under 28 U.S.C. § 1332." [*Id.* at 3.] Plaintiff has responded in opposition to defendant ASC's motion [Doc. 19], arguing that he has met the low threshold for alleging diversity of citizenship, but out of an abundance of caution,

requests leave of the Court to amend his complaint to add allegations as to the citizenship of the parties. The Court will address each of the pending motions in turn.

I.      **Defendant ASC's Motion for Relief [Doc. 16]**

Defendant ASC argues that the Court's denial of its motion to dismiss "is both premature and erroneous." [Doc. 16 at 1.] As to the Court's alleged failure to wait for defendant ASC to file a reply brief with regards to the motion to dismiss, the Court notes that Local Rule 7.1(c) establishes that the filing of reply briefs is not a matter of right, and provides that, "unless otherwise stated by the Court reply briefs are not necessary and are not required by the Court." E.D. TN. L.R. 7.1(c). Thus, contrary to defendant ASC's argument, the Court is not required by the Local Rules to allow a party to file a reply brief and therefore, the Court's order in this case was not premature.

As to defendant ASC's allegations that the substance of the Court's ruling was in error, the Court respectfully disagrees. Because defendant ASC's challenge to plaintiff's allegations of diversity was a facial one,[1] the complaint will not be dismissed unless it appears beyond a doubt that plaintiff has failed to set forth any facts in the complaint which would provide the Court with jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). While perhaps not the most artfully worded pleading,

---

[1]Defendant ASC's Motion to Dismiss for Lack of Jurisdiction states the following: "In support of this Motion, the Defendant states that the Complaint, on its face, fails to allege facts sufficient to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332." [Doc. 12 at 1.]

plaintiff's complaint nevertheless does meet this low threshold requirement. Accordingly, at this early state in the litigation of this case, the Court declines to dismiss plaintiff's complaint via defendant ASC's facial attack on subject matter jurisdiction and therefore **DENIES** its Motion for Relief from Order Denying Motion to Dismiss [Doc. 16].

II. **Plaintiff's Motion to Amend [Doc. 19]**

As noted above, plaintiff's motion to amend seeks to amend his complaint to add allegations as to the citizenship of the parties. No response or opposition to the pending motion to amend has been filed, and the time for doing so has passed. *See* E.D.TN. L.R. 7.1(a), 7.2.

Leave to amend under Federal Rule of Civil Procedure 15(a) is liberal and "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a court must balance harm to the moving party if he or she is not permitted to amend against prejudice caused to the other party if leave to amend is granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, "a motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371 U.S. 187 (1962); *Marx v. Centran*, 747 F.2d 1536, 1550 (6th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985)). Here, the Court has been presented with no evidence that defendants would be prejudiced in any way if leave to amend is granted. Accordingly, the Court returns to the basic premise of Fed. R. Civ. P. 15(a) and hereby **GRANTS** plaintiff's

3

Motion for Leave to Amend Complaint [Doc. 19]. Plaintiff is **DIRECTED** to file the proposed amended complaint within ten (10) days of the entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE